# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION OF RALEIGH

**TYLER CHRISTIAN, individually and on behalf of other similarly situated,**

    **Plaintiff,**

**v.**

**TOWERCOMM, LLC,**

    **Defendant.**

**Case No.:**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, TYLER CHRISTIAN, individually and on behalf of other similarly situated (hereinafter "Plaintiff"), by and through the undersigned attorney, sues the Defendants, TOWERCOMM, LLC, (referred to as "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against his former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 206 and 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover from Defendant proper overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. During Plaintiff's employment with Defendant, he performed maintenance, repair and installation replacing light bulbs, antennas and transmission lines paying close attention to the conditions of the tower to determine if any structural repairs

are needed, while wearing safety equipment which includes harnesses and climbing gear with hooks that latch into anchors permanently affixed to the tower.

4. Plaintiff performed such based out of Defendant's place of business located at 6017 Triangle Drive, Raleigh, North Carolina 27617-4744.

5. Defendant, is a North Carolina Corporation which operates and conducts business in the City of Raleigh, North Carolina, and is therefore within the jurisdiction of this Court.

### **JURISDICTION**

6. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 216(b).

### **VENUE**

7. The venue of this Court over this controversy is proper based upon the claim arising in the City of Raleigh, Wake County, North Carolina.

### **FACTS**

8. Defendant is an organization providing industrial/commercial and government wireless telecommunications.

9. Defendant employed Plaintiff at their business located at 6017 Triangle Drive, Raleigh, North Carolina 27617-4744, within the relevant time period (2014 – 2017).

10. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

11. Defendant controlled and/or was responsible for the work of Plaintiff.

12. Plaintiff worked as a "tower technician" for Defendants and performed related activities in Wake County, North Carolina.

13. In this capacity, Plaintiff performed maintenance, repair and installation replacing light bulbs, antennas and transmission lines paying close attention to the conditions of the tower to determine if any structural repairs are needed, while wearing safety equipment which includes harnesses and climbing gear with hooks that latch into anchors permanently affixed to the tower.

14. Plaintiff worked for the Defendant from approximately November 2015 - January 2016.

15. Plaintiff was initially paid $19.00 per hour.

16. Plaintiff was not paid proper overtime wages for all hours worked.

17. Defendant violated the terms and the FLSA's provision on overtime wages.

18. Plaintiff also worked overtime hours on a weekly basis throughout his period of employment.

19. Despite working more than forty (40) hours per week, Plaintiff was not paid all compensation for hours worked over forty (40) hours within a work week during several weeks of employment.

20. Defendant was aware of the overtime hours worked.

21. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

**COVERAGE**

22. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

23. At all material times relevant to this action, Defendant made gross earnings of at least $500,000 annually.

24. At all material times relevant to this action, Defendant accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

25. At all material times relevant to this action, Defendant routinely ordered materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., cables, wires, network interface, fiber optic technologies, etc.).

26. At all material times relevant to this action, Defendants had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., cables, wires, network interface, fiber optic technologies, etc.).

27. At all material times relevant to this action, Plaintiff was individually engaged in commerce during his employment with Defendant, by working with a wide array of daily-delivered products and material.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff and the class members performed the same or similar job duties as one another for Defendants in that they performed maintenance, repair and installation.

29. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

30. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

31. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that tower technicians were paid for all overtime hours worked based on the Defendant's failure to credit the tower technicians with all hours worked.

32. This policy or practice was applicable to Plaintiff and the class members.

33. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

34. Accordingly, the class members are properly defined as:

> **All tower technician whom worked for Defendant, TOWERCOMM, LLC, within the state of North Carolina within the last three (3) years and whom were not compensated at time and one-half their regular**

**rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

35. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

36. Defendant did not act in good-faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.;* (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

37. During the relevant period, Defendant violated § 207(a)(1) and § 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half for all hours worked in excess of forty (40) hours in a workweek.

38. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### <u>AGAINST TOWERCOMM, LLC</u>

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 38 above.

40. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

41. During Plaintiff's employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half his regular rate of pay for the same during several weeks.

42. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

43. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

44. Also, Defendant failed to post required FLSA informational listings as required by law.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against TOWERCOMM, LLC, for the payment of all unpaid overtime hours at time and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

**WHEREFORE**, Plaintiff, TYLER CHRISTIAN, individually and on behalf of other similarly situated, demands judgment against TOWERCOMM, LLC, for the payment of all unpaid overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated

damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 2nd day of May, 2017. Respectfully submitted,

/s/ Carlos V. Leach
**Carlos V. Leach, Esq.**
*Pro Hac Vice Pending*
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Main Tel.:     (404)  496-7295
Direct Fax:    (404)  496-7405
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*

/s/ Ralph K Frasier
**Ralph K. Frasier, Jr., Esq.**
**FRASIER & GRIFFIN, PLLC**
100 East Parrish Street, Suite 350
Durham, NC 27701
(919) 680-4039- Telephone
(919) 697-1174- Mobile
(919) 680-4390- Fax
www.frasierandgriffin.com
ralphfrasier@frasierandgriffin.com

Raleigh Office:
4400 Falls of Neuse Road, Suite 102
Raleigh, North Carolina  27609
(919) 615-0252