# EXHIBIT "B"

# SETTLEMENT AGREEMENT AND
# FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1. This Agreement covers all understandings between Tyler S. Christian (hereinafter referred to as "Plaintiff" a term which includes Tyler S. Christian's successors, beneficiaries, personal representatives, and heirs), and TowerComm, LLC (hereinafter referred to as "Defendant" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A. To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendant and release and forever discharge Defendant of and from any claims or actions related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 5:17-cv-00223-D, pending in the United States District Court for the Eastern District of North Carolina.

    B. To voluntarily dismiss CASE NO.: 5:17-cv-00223-D, pending in the United States District Court for the Eastern District of North Carolina, with prejudice.

    C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff.

    D. That the below-referenced amount paid by Defendant represents a sum to which Plaintiff would not be entitled absent this Agreement.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees to pay Plaintiff the total consideration of $5,500.00 on or before **August 25, 2017**:

    (A) a check made payable to Tyler S. Christian in the amount of $750.00, minus applicable taxes and withholdings representing Actual Damages;
    (B) a check made payable to Tyler S. Christian in the amount of $750.00, payable with a tax form 1099 representing Liquidated Damages; and
    (C) a check made payable to the Morgan & Morgan, P.A. for $4,000.00.

    **Should Defendant default on any of the above payments (after a 5 day written notice from Plaintiff) or should any of the checks be deemed "NSF" Plaintiff shall be entitled to a judgment plus reasonable attorneys' fees and costs incurred in securing same.**

4. In exchange for the consideration above, Defendant releases Plaintiff from any and all claims, charges, actions and causes of action, and counterclaims of any kind or nature that Defendant once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to Defendant from the beginning of the world to the date of these presents.

5. Defendant and Plaintiff agree that neither they nor any of their agents, employees, family members, or attorneys will disclose the underlying circumstances of this Agreement, including but not limited to the terms of this Agreement, the names of those released, or any of the amounts and conditions of any sums payable hereunder, and that the terms and conditions of this Agreement shall be and will remain confidential. Should any individual contact them requesting such information, they agree to make no comment or to say simply that the matter has been resolved without admission of liability by any party.

1

6. Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States and the State of North Carolina.

**IN WITNESS WHEREOF**, the undersigned has hereunto set his hand,

this _____ day of _____, 2017.

_____(SEAL)
**Tyler Christian**

STATE OF _____

_____ COUNTY

I, the undersigned Notary Public, in and for the aforesaid county and state, do hereby certify that **Tyler Christian** personally appeared before me this day and acknowledged the due execution of the foregoing document.

This _____ day of _____, 2017.

_____
Notary Public

(NOTARIAL SEAL)
My commission expires:_____

IN WITNESS WHEREOF, the undersigned has hereunto set his hand,

this _____ day of _____, 2017.

_____(SEAL)
**Steven B. Wall**
**TowerComm, LLC**

STATE OF _____

_____ COUNTY

I, the undersigned Notary Public, in and for the aforesaid county and state, do hereby certify that **Steven B. Wall** personally appeared before me this day and acknowledged the due execution of the foregoing document.

This _____ day of _____, 2017.

_____
Notary Public

(NOTARIAL SEAL)
My commission expires:_____